UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| PHILLIP ELLIS individually and on behalf of all others similarly situated,<br><br>v.<br><br>APACHE CORPORATION. | **Case No.: 4:20-cv-00026**<br>Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Apache does not pay overtime to its HSE Advisors. Instead, Apache pays these workers a day rate with no overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to Phillip Ellis and other similarly situated workers, Ellis brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Ellis's claim occurred in this district.

### THE PARTIES

4. Ellis was employed by Apache as an HSE Advisor.

5. Apache is a multi-billion-dollar oil and gas company with operations in different countries around the world and in multiple states in this country.

6. At all relevant times, Apache's gross annual revenues exceeded $5 billion.

7. As part of its operations, Apache drills wells.

8. Apache employed and/or jointly employed Ellis and the Class Members as HSE Advisors.

9. Ellis brings this action on behalf of himself and all other similarly situated HSE Advisors who were paid a day rate with no overtime pay who and worked on Apache worksites.

10. Apache paid these workers a day rate, without overtime pay required by the FLSA.

11. Ellis's written consent to be a party plaintiff is attached as Exhibit 1.

12. Ellis seeks to represent a class of similarly situated day rate workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former HSE Advisors working for Apache and who were paid a day rate during the last three years (the "Class Members").**

### FACTS

13. At all times hereinafter mentioned, Apache has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Apache has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Apache has been, or has been part of, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Ellis and the Class Members performed duties for Apache that were integral to its operations, including identifying safety issues on Apache's worksites.

17. Ellis and the Class Members visit Apache's worksites to identify and mitigate safety issues to ensure Apache's worksite meet standardized safety requirements.

18. Ellis ensured Apache's worksites met standard safety criteria required by Apache.

19. The duties of HSE Advisors like Ellis and the Class Members do not require a college degree and are usually performed by workers whose highest level of formal education is a high school diploma.

20. Ellis was employed by Apache from September 2018 to January 2019.

21. Apache paid Ellis and the Class Members a day rate with no overtime premium for hours worked in excess of 40 in a workweek.

22. Throughout Ellis's employment with Apache, Apache paid him on a day rate basis.

23. Ellis and the Class Members work for Apache under its day rate pay scheme.

24. If Ellis and the Class Members did not work, they did not get paid.

25. Ellis and the Class Members receive a day rate.

26. Ellis and the Class Members do not receive overtime pay.

27. This is despite the fact that Ellis and the Class Members often work 12 or more hours a day, for 7 days a week, for weeks at a time.

28. Ellis typically worked 14-day rotations in Pecos, Texas with 14 days off between rotations.

29. Ellis received a day rate for each day he worked for Apache.

30. Ellis's day rate was $900 per day.

31. Although Ellis typically worked 7 days a week, for 12 or more hours per day, he did not receive any overtime pay.

32. Ellis and the Class Members received a day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

33. Ellis and the Class Members are not employed on a salary basis.

34. Ellis and the Class Members do not, and never have, received guaranteed weekly compensation irrespective of the days worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

35. Ellis and the Class Members work in accordance with the schedule set by Apache and/or its clients.

36. Ellis's work schedule is typical of the Class Members.

37. Apache controls Ellis's and the Class Members' pay.

38. Likewise, Apache controls Ellis's and the Class Members' work.

39. Apache requires Ellis and the Class Members follow Apache's and/or its clients' policies and procedures.

40. Ellis and the Class Members' work must adhere to the quality standards put in place by Apache and/or its clients.

41. Ellis and the Class Members are part of a permanent workforce employed to perform all of Apache's on-site safety compliance work.

42. Apache provides all the meaningful capital investment required for Ellis and the Class Members to be able to work. Ellis and the Class Members do not provide anything beyond what employees ordinarily provide to do their work.

43. Ellis and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

44. As an HSE Advisor, Ellis was responsible for identifying safety issues, mitigating them, and looking for spills on Apache's worksites.

45. All the Class Members perform similar duties, related to identifying safety issues according to established guidelines, specifications, and restrictions.

46. Ellis and the Class Members provide daily safety reports to Apache personnel.

47. At all relevant times, Apache (and/or its clients) maintained control over Ellis and the Class Members via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

48. Ellis and the Class Members do not have the power to hire or fire any employees.

49. Ellis's working relationship with Apache is similar to Apache's relationship with the Class Members

50. Apache knew Ellis and the Class Members worked more than 40 hours in a week.

51. Apache knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

52. Nonetheless, Apache failed to pay Ellis and the Class Members overtime.

53. Apache willfully violated the FLSA.

## CAUSE OF ACTION

54. By failing to pay Ellis the Class Members overtime at one-and-one-half times their regular rates, Apache violated the FLSA's overtime provisions.

55. Because Apache knew, or showed reckless disregard for whether, its pay practice violated the FLSA, Apache owes these wages for the past three years.

56. Apache owes Ellis and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

57. Ellis and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

58. WHEREFORE, Ellis seeks relief against Apache as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Judgment pursuant to Section 16(b) of the FLSA finding Apache liable for unpaid back wages due to Ellis and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

- 7 -

                                Michael A. Josephson
                                Texas Bar No. 24014780
                                Andrew W. Dunlap
                                Texas Bar No. 24078444
                                **JOSEPHSON DUNLAP LAW FIRM**
                                11 Greenway Plaza, Ste. 3050
                                Houston, Texas 77046
                                Telephone:    (713) 352-1100
                                Telecopier:    (713) 352-3300
                                mjosephson@mybackwages.com
                                adunlap@mybackwages.com

                                **Attorneys for Plaintiff**